UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Durwood Hankinson,**<br>           Debtor,<br><br>**Nationstar HECM Acquisition Trust 2018-1, Wilmington Savings Fund Society, FSB, not individually, but solely as trustee,**<br><br>           Movant,<br>v.<br><br>**Durwood Hankinson,**<br>           Debtor,<br><br>**William C. Miller, Esquire,**<br>           Trustee/Respondent, | **Bankruptcy No. 18-17841-amc**<br><br>**Chapter 13**<br><br>Hearing Date: August 4, 2020<br>Hearing Time: 10:30 a.m.<br>Location: 900 Market Street,<br>Philadelphia, PA 19107 |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT NATIONSTAR HECM ACQUISITION TRUST 2018-1, WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY, BUT SOLELY AS TRUSTEE TO FORECLOSE ON 246 CHRISTIAN STREET PHILADELPHIA, PA 19147

Secured Creditor, Nationstar HECM Acquisition Trust 2018-1, Wilmington Savings Fund Society, FSB, not individually, but solely as trustee, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, Durwood Hankinson, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on November 29, 2018.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On September 28, 2009, Durwood Hankinson executed and delivered a Home Equity

Conversion Note ("Note") and Reverse Mortgage ("Mortgage") securing payment of the Note in the amount of $637,500.00 to the Secretary of Housing and Urban Development. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on October 13, 2009 in Document ID# 52129142 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 246 Christian Street Philadelphia, PA 19147 ("the Property").

6. The loan was lastly assigned to Nationstar HECM Acquisition Trust 2018-1, Wilmington Savings Fund Society, FSB, not individually, but solely as trustee and same was recorded with the Philadelphia County Recorder of Deeds on June 23, 2016, as Document Number 53075846. A true and correct copy of the Assignments of Mortgage is attached hereto as Exhibit "C."

7. Debtor filed a Chapter 13 Amended Plan (Docket No. 66) on June 1, 2020 which provides to fully cure the pre-petition arrears of $70,446.38, as filed in the Proof of Claim. A true and correct copy of the Chapter 13 Amended Plan is attached hereto as Exhibit "D."

8. The terms and conditions of the Note and Reverse Mortgage have been in default, and remain in post-petition default, since January 29, 2019 due to Debtor's failure to maintain taxes and insurance in the amount of $12,538.29 on the Property. Movant's claim amount is itemized below.

| | |
|---|---|
| 2019 Philadelphia City Taxes | $3,212.29 |
| Force Placed Insurance (04/03/2019 – 04/03/2020) | $4,451.00 |
| Force Placed Insurance (04/03/2020 – 04/03/2021) | $4,875.00 |
| Total | $12,538.29 |

9. Movant further alleges there appears to be no equity in the Property; therefore, the Property is not necessary for effective reorganization. The total payoff as of June 30, 2020 is $651,828.66. See Exhibit "E." The Property is most recently valued at $270,400.00 by the Philadelphia County Tax Assessor's Office.

10. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the stay under Section 362(d)(1) is established where a debtor has failed to make installment payments or payments due under a court-approved plan, on a secured debt, or where the Debtor has no assets or equity in the Mortgaged Property.

11. As set forth herein, Debtor has defaulted on his secured obligation as he has failed to maintain taxes and insurance on the Property pursuant to the terms of the Note and Reverse Mortgage.

12. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

13. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Nationstar HECM Acquisition Trust 2018-

1, Wilmington Savings Fund Society, FSB, not individually, but solely as trustee to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: July 9, 2020

                                      Robertson Anschutz & Schneid, P.L.
                                      Attorney for Secured Creditor
                                      133 Gaither Drive, Suite F
                                      Telephone: 855-225-6906
                                      By: /s/*Brandon Pack*_____
                                      Brandon Pack, Esquire
                                      PA Bar Number: 311976
                                      Email: bpack@rasnj.com